UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| GARY MICHAEL OSBORN #215953, | |
| Petitioner, | Case No. 2:08-cv-245 |
| v. | HON. ROBERT HOLMES BELL |
| MICHIGAN DEPARTMENT OF CORRECTIONS, et al., | |
| Respondent. | **OPINION** |

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241. Petitioner claims that the manner in which his sentences are being executed violates his constitutional rights. It appears that Petitioner currently is serving eight active sentences, six of which are to be served consecutively. Petitioner claims that the MDOC is improperly refusing to discharge Petitioner on any of his consecutive sentences until he has served the maximum on all of his sentences.

A § 2241 petition is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998). Petitioner does not appear to be contesting the constitutionality of his underlying murder convictions. Petitioner states that Respondents deliberately refused to expire his sentences as he serves them and intentionally enhanced his maximum release date on all sentences to September 18, 2056.

Petitioner attaches a copy of a May 12, 2008, memorandum from S. Buck / Records Office to his habeas corpus petition. In this memorandum, which addresses Petitioner's concerns regarding the execution of his sentences, Buck states:

> You are currently serving on a maximum controlling consecutive string of 75 [years] on your A, B, C, D and E prefixes, specifically R01+R03+R04+R05+R06+R07. You are earning disciplinary credits on R01, R03, R04 and R05. The remaining sentences, R06 and R07 are TIS. You would be eligible to earn 4,452 days of credit on the maximum of your disciplinary credit sentences. [Calculated as: 5 regular days + 2 special days of disciplinary credits combined per month = 84 days per year x 53 years = 4,452 days]
>
> To date you have lost 287 days on your disciplinary credit sentence (100 restorable forfeitures + 25 non-restorable forfeitures + 162 special not granted). By adjusting your remaining balance of 4,165 days by the factor of .813 we take into account the portion of your term that will not be served due to earning said credits. This calculation leaves you with a possible balance of earned credits of approx. 3,386 days. [4,165 x .813 = 3,386 days]
>
> Please see the following manual time illustration:
>
> | | |
> |---|---|
> | Sentence date (Rec 01): | 04/02/1991 |
> | Less 56 days jail credit: | 02/05/1991 (Corrected Date) |
> | Less 1 day: | 02/04/1991 |
> | Plus 5Y (Rec 01): | 02/04/1996 |
> | Plus 8Y (Rec 03): | 02/04/2004 |
> | Plus 20Y (Rec 04): | 02/04/2024 |
> | Plus 20Y (Rec 05): | 02/04/2044 |
> | Plus 2Y (Rec 06): | 02/04/2046 |
> | Plus 20Y (Rec 07): | 02/04/2066 |
> | Less 3,386 days possible credits: | 10/28/2056 (Manual Calculation may vary from computer) |
> | CMIS PMX date as of 05/12/2008: | 11/13/2056 (Computer Calculation is considered accurate) |
>
> Based on the above information, your current PMX of 11/13/2056 is determined to be accurate at this time. This date will continue to

>increase, or 'move into the future', due to any misconducts which result in forfeitures; therefore, it is in your best interest to remain misconduct free.
>
>As previously explained, pursuant to MCL 791.234, *when sentenced to serve consecutive terms of incarceration the prisoner shall not be discharged until the sum total of the consecutive maximum terms have been served.*

(*See* May 12, 2008, Memorandum from S. Buck / Records Office Re: PMX Calculation for Disciplinary Credit Sentence / TIS Consecutive String, attached as Exhibit to Petitioner's habeas corpus application.)

Petitioner claims that this manner of calculating his sentence is contrary to the state court judge's sentence in violation of MCL § 769.17 and § 791.264. However, a federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988). Petitioner fails to assert any violation of federal law in this case. Therefore, his petition is properly dismissed.

Where a § 2241 Petitioner complains of a detention arising out of process issued by a State court, the Petitioner is required to obtain a certificate of appealability (COA) in order to appeal the denial of his petition. *Greene v. Tennessee Dept of Corrections*, 265 F.3d 369, 370 (6th Cir. 2001). Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus

indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

   The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Petitioner fails to assert any violation of his rights under federal law. Therefore, the Court will deny Petitioner a certificate of appealability.

   A Judgment consistent with this Opinion will be entered.


Dated:   November 3, 2008           /s/ Robert Holmes Bell
                     ROBERT HOLMES BELL
                     UNITED STATES DISTRICT JUDGE